UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PAMELA E. SMITH individually,

           Plaintiff,

-vs-                                          Case No. 2:09-cv-512-FtM-29SPC

ARROW FINANCIAL SERVICES, LLC a foreign
limited liability company; THE LAW OFFICES OF
ERSKINE & FLEISHER a Florida partnership,

           Defendants.
_____

**ORDER**

      This matter comes before the Court on Defendant's Motion to Extend Discovery Deadline for Limited Purpose and to Extend the Deadline for Dispositive Motions (Doc. #39) filed on July 30, 2010. Also before the Court is Defendant's Motion to Compel Production of Plaintiff's Handwritten Notes and Complete Answers to Deposition Questions (Doc. #40) filed on July 30, 2010. Defendant filed a Notice of Additional Information Regarding Conference With Opposing Counsel regarding these Motions on August 16, 2010 (Doc. #41). The Parties have conferred and have in large part come to an agreement on the relief requested in Defendant's Motions. Plaintiff filed a Partial Opposition to Defendant's Motion to Extend Discovery Deadline (Doc. #42) on August 16, 2010. The Motions are now ripe for review.

      This is a Fair Debt Collection Practices Act ("FDCPA") case in which Plaintiff Pamela E. Smith alleges that Defendant violated provisions of the Act through three voicemail messages and one email exchange. Defendant's position is that both the voicemails and emails were left or sent

in response to a specific request by Plaintiff at least a year into an ongoing and regular communication between Plaintiff and Defendant, and therefore were not in violation of the Act.

Defendant first moves in its Motion to Compel for an Order that would require disclosure of Plaintiff's handwritten notes that she made concerning her telephone conversations with Defendant's employee. Plaintiff has agreed to produce (by email or facsimile) any previously unproduced handwritten documents or notes in her possession, custody, or control, or provide a sworn or verified statement that no such notes exist.

Defendant withdraws without prejudice its second request that Plaintiff be required to answer two deposition questions about attorney's fees that she was asked at her deposition.

With regard to Defendant's Motion for Extension of Deadlines, Defendant requests that the discovery deadline be extended until August 31, 2010, solely for the purpose of taking the deposition of Plaintiff's daughter. Discovery in this case closed on July 30, 2010. In her Opposition, Plaintiff notes that the Defendant was aware of Plaintiff's daughter involvement in this case on January 13, 2010 and failed to take her deposition before the close of discovery. Defendant attempted to take her deposition in February, March, and then June 2010, but each time it was rescheduled. Thus, Plaintiff argues that Defendant's counsel was less than diligent in its attempts to depose Plaintiff's daughter before the close of discovery and filed its Motion for Extension on the day discovery closed. Given that at least one of the deposition cancellations was at the request of Plaintiff, the Court will grant a short extension of the discovery deadline until August 31, 2010, for the limited purpose of allowing the deposition of Plaintiff's daughter. With regard to the extension of the dispositive motion deadline, the Parties agree that the motions will be due 10 days after Plaintiff produces the handwritten notes discussed above.

Accordingly, it is now

**ORDERED:**

(1) Defendant's Motion to Extend Discovery Deadline for Limited Purpose and to Extend the Deadline for Dispositive Motions (Doc. #39) is **GRANTED**. The discovery deadline is extended to **August 31, 2010** for the limited purpose of taking the deposition of Plaintiff's daughter**.** Pursuant to agreement of the Parties, dispositive motions are due **September 10, 2010**. All other deadlines remain unchanged.

(2) Defendant's Motion to Compel Production of Plaintiff's Handwritten Notes and Complete Answers to Deposition Questions (Doc. #40) is **GRANTED in part**. Plaintiff shall provide the notes to Defendant by **August 31, 2010**. Upon stipulation of the Parties, that portion of Defendant's Motion to Compel concerning deposition questions that Plaintiff was asked regarding attorney's fees is **DENIED without prejudice**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___17th___ day of August, 2010.

/s/ Sheri Polster Chappell
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record