UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO. 2:09-CV-512-JES-SPC

PAMELA E. SMITH
    Plaintiff,

v.

ARROW FINANCIAL SERVICES, LLC,
a foreign limited liability company,, and
THE LAW OFFICES OF ERSKINE &
FLEISHER, a Florida Partnership,

    Defendants.
_____/

**MOTION BY DEFENDANT THE LAW OFFICES OF ERSKINE & FLEISHER FOR SANCTIONS FOR PLAINTIFF'S FAILURE TO COMPLY WITH COURT ORDER REGARDING PRODUCTION OF HANDWRITTEN NOTES**

**MOTION**

Pursuant to Rule 37(b), Federal Rules of Civil Procedure, Defendant Law Offices of Erskine & Fleisher ("Defendant") hereby moves for an order imposing sanctions and other relief, as described more fully below, arising out of the failure of Plaintiff to produce handwritten notes or a sworn statement or affidavit as to their non-existence as required by this Court's Order August 17, 2010 Order. (Docket #43).

**MEMORANDUM OF LAW**

Defendant filed motions to extend time for dispositive motions and a motion to compel and briefly extend the discovery deadline. *See* Docket ## 39 and 40. A few days later, Defendant filed a Notice of Additional Information notifying the Court that the parties had been able to resolve almost all of the issues, and noting the areas of agreement and the area of disagreement, and noting that Defendant had been authorized by Plaintiff's counsel to make those representations to the Court. *See* Docket #41. Among the representations was this:

> 1. Plaintiff will produce (by email or facsimile) any previously unproduced handwritten documents or notes in her possession, custody, or control, or provide a sworn or verified statement that no such notes exist . . . .

Plaintiff thereafter filed a Response in Partial Opposition. *See* Docket #42. In Plaintiff's response, Plaintiff confirms that she had no opposition to the agreement to either produce the notes or provide a statement that they do not exist. *See* Docket #42 at 2 ("nor does Plaintiff object to produce or respond to the requested documents.").

Judge Chappell entered an Order acknowledging the stipulation of the parties as to the matters upon which agreement had been reached and granted Defendant's motion as to taking the deposition of Plaintiff's daughter, Tiffany Smith. (Docket #43). Thus, the Order noted that the parties "agreed to produce (by email or facsimile) any previously unproduced handwritten documents or notes in her possession, custody, or control, ***or provide a sworn or verified statement that no such notes exist***." August 17 Order at 2 (emphasis added). The Order required the notes to be produced no later than August 31.

Plaintiff, however, has provided neither the notes nor any statement concerning the non-existence of such notes. Thus, Plaintiff has, without explanation or excuse, failed to comply both with this Court's Order and with her stipulation with Defendant.

Rule 37(b)(2) provides that this Court may enter Orders imposing sanctions and other relief when a party disobeys a discovery order to provide or permit discovery. Among the types of orders that can be entered are:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of this action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence

***

>  (vii) treating as contempt of court the failure to obey any order
>  except an order to submit to a physical or mental examination.

Rule 37(b)(2)(A)(i), (ii), (vii), Fed.R.Civ.P.

Rule 37(b(2)(C) *requires* a court to enter orders providing for payment of expenses either in addition to, or instead of, the above types of orders unless certain exceptions apply.

>  (C) *Payment of Expenses.*  Instead of or in addition to the orders
>  above, the court must order the disobedient party, the attorney
>  advising that party, or both to pay the reasonable expenses,
>  including attorney's fees, caused by the failure, unless the failure
>  was substantially justified or other circumstances make an award
>  of expenses unjust.

Rule 37(b)(2)C), Fed.R.Civ.P.

In this case, Plaintiff has completely failed to provide the notes or to provide a sworn or verified statement that the notes do not exist.  This failure violates **both** this Court's August 17 Order and the stipulation between counsel.

Accordingly, pursuant to Rule 37(b)(2), Plaintiff and her counsel should be (i) barred from using any unproduced handwritten notes either in support of or in opposition to any motion for summary judgment or any other motion, (ii) barred from introducing any such notes as evidence at trial, (iii) held in contempt for failure to follow this Court's Order (an order to whose terms they had stipulated); and (iv) ordered to pay the reasonable fees and costs of Defendant in having to seek the Court's intervention in the first place and having to file this motion for sanctions after Plaintiff's failure to comply with the August 17 Order.

WHEREFORE Defendant respectfully requests that the Court enter an order:  (i) barring Plaintiff from using any unproduced handwritten notes either in support of or in opposition to any motion for summary judgment or any other motion, (ii) barring Plaintiff from introducing any such notes as evidence at trial, (iii) holding Plaintiff and her counsel in contempt for failure to follow this Court's Order (an order to whose terms they had stipulated); and (iv) ordering

- 4 -

Plaintiff and her counsel to pay Defendant's reasonable fees and costs in obtaining the August 17 Order and in having to file the instant motion for sanctions, along with any other relief the Court deems just and proper.

Respectfully submitted,

    s/Wendy S. Leavitt
Wendy S. Leavitt
Florida Bar No. 908819
*Attorneys for Defendants*
MARSHALL, DENNEHEY, WARNER,
   COLEMAN & GOGGIN
1 East Broward Boulevard, Suite 500
Ft. Lauderdale, Florida 33301
Telephone: (954) 847-4920
Facsimile:  (954) 627-6640
Email:  wsleavitt@mdwcg.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 10, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system to the recipient listed below.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants (none).

Scott Owens (via CM/ECF)
*Attorney for Plaintiff*
Cohen & Owens, P.A.
3801 Hollywood Blvd., Suite 200
Hollywood, Florida 33021
Telephone:  954-923-3801
Facsimile:  954-967-2791
Email:  scott@cohenowens.com

    s/  Wendy S. Leavitt
Wendy S. Leavitt
Florida Bar No. 908819
*Attorneys for Defendant*
MARSHALL, DENNEHEY, WARNER,
   COLEMAN & GOGGIN
1 East Broward Boulevard, Suite 500
Ft. Lauderdale, Florida 33301
Telephone: (954) 847-4920
Facsimile:  (954) 627-6640
Email:  wsleavitt@mdwcg.com
